UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, </br></br>    Plaintiff, </br></br>v. </br></br>JOHN DOE subscriber assigned IP address 68.61.138.235, </br></br>    Defendant. | Civil Case No.: 1:13-cv-00893-RJJ |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION AND SUPPORTING BRIEF OF COMCAST SUBSCRIBER ALPHA, AND HOUSEHOLD, TO QUASH OR TO MODIFY SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

**I.   INTRODUCTION**

Plaintiff respectfully requests the Court deny Defendant's motion because Defendant has not provided a valid reason under Fed. R. Civ. P. 45 to quash the subpoena. Defendant's Motion is largely devoid of any legal authority and fails to even mention the governing Federal Rule of Civil Procedure. Instead, Defendant attacks the merits of Plaintiff's Complaint, asserts *ad hominem* attacks against Plaintiff, denies committing the alleged infringement, and suggests that Plaintiff should be treated differently before this Court because of the content of its copyrights. Defendant also argues, without any supporting authority, that Plaintiff's *ex parte* Motion for Leave to Serve Third Party Subpoena Prior to a Rule 26(f) Conference (CM/ECF 2, 3) violates Rule 3.3(d) of the Michigan Rules of Professional Conduct. None of these arguments has any bearing on a motion to quash under Fed. R. Civ. P. 45 and Defendant's request that this Court develop specialized procedures for Plaintiff is improper and unwarranted.

Without the subpoena response from Defendant's Internet Service Provider ("ISP"), Plaintiff has no way to identify and pursue the anonymous internet user who used Defendant's IP

1

address, 68.61.138.235, to infringe eighty-nine (89) of Plaintiff's copyrighted movies using the BitTorrent file sharing protocol. Indeed, Defendant is one of the most egregious offenders encountered by Plaintiff in this District. District courts, including this one, have consistently permitted copyright owners to identify Doe Defendants through a Rule 45 subpoena, and two Federal Circuit Courts have held that Rule 45 subpoenas are permissible. Without the ability to identify on-line infringers, suits cannot be brought and rights cannot be enforced. For the foregoing reasons, as explained more fully below, this Court should deny the subject motion and allow Plaintiff to receive Defendant's identifying information consistent with its Order granting Plaintiff leave to serve the subpoena on Defendant's ISP. *See* CM/ECF 8.

II. FACTS

A. **Online Copyright Infringement Through the BitTorrent Protocol is a Serious and Significant Threat to Plaintiff's Business**

Defendant's criticism of Plaintiff's copyright protection efforts is unjustified. Indeed, "[m]any internet blogs commenting on [these types of cases] ignore the rights of copyright owners to sue for infringement, and inappropriately belittle efforts of copyright owners to seek injunctions and damages." *Malibu Media, LLC v. John Does 1, 6, 13, 14 and Bryan White*, 2013 WL 3038025 at n.1 (E.D. Pa. June 18, 2013). In June Plaintiff won the first ever BitTorrent copyright infringement lawsuit to reach trial. *See id.* In his Memorandum Report after the conclusion of the trial, the Honorable Judge Baylson made a number of significant findings. Importantly, Judge Baylson expressly emphasized that "Malibu is *not* what has been referred to in the media and legal publications, and in the internet blogosphere, as a 'copyright troll' . . . Rather, Malibu is an actual producer of adult films and owns valid copyrights, registered with the United States Copyright Office, in its works." *Id.* (Emphasis in original). Judge Baylson further recognized that: (1) "Malibu . . . expend[s] considerable effort and expense to determine the IP

2

addresses of the infringing parties, and the technology employed by its consultants . . . [is] valid."; (2) "[t]he evidence that Malibu presented at trial was persuasive as to the fact that it had suffered real damages as a result of illegal downloading of its movies through BitTorrent."; and (3) "Malibu . . . satisfied its burden of proof with substantial evidence and deserves a large award." *Id.*, at \*2, \*8.

> **B. Courts throughout the Country Have Expressly Found that Malibu Media's Counsel do not Engage in Improper Litigation Tactics**

Most recently and notably, after concluding trial with Plaintiff, the Honorable Judge Baylson found Malibu Media did not use "unscrupulous tactics and false accusations to collect millions of dollars from innocent and injured computer users." *Malibu Media, LLC v. John Does 1, 6, 13, 14*, 2013 WL 3038025 (E.D. Pa. June 18, 2013). Similarly, the Honorable Judge Hegarty of the District of Colorado has stated: "the Court has also witnessed firsthand the Plaintiff's willingness to resolve cases without any monetary payment when a Defendant credibly denies infringement." *Malibu Media, LLC v. John Does 1-2, 4-8, 10-16, 18-21*, 2013 WL 1777710 (D. Colo. Feb. 12, 2013).

Other courts have also opined that the criticism Plaintiff receives is unwarranted. "[Defendant] has not presented any evidence that Malibu has engaged in harassing behavior for the Court to consider, nor has the Court observed bad faith behavior or the use of improper tactics on its part thus far." *Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 (N.D. Ill. May 17, 2013). *See also Malibu Media, LLC v. John Does 1-5,* 2012 WL 3641291, at \*4 (S.D.N.Y. 2012) (same); *Malibu Media, LLC v. John Does 1-30*, 2:12-cv-13312-DPH-MJH [CM/ECF 61] at p. 15 (E.D. Mich. May 16, 2013) (same); *Malibu Media, LLC v. Reynolds*, 2013 WL 870618 at \*7 (N.D. Ill. Mar. 7, 2013) ("the fact that suits of this nature settle quickly does not mean there is any wrongdoing on the part of copyright owners."); *Malibu Media, LLC v.*

3

*John Does 1-9*, 8:12-cv-00669-SDM-AEP [CM/ECF 25] at p. 7 (M.D. Fla. July 6, 2012) (same).[1]

### C. The Infringer

Defendant infringed eighty-nine (89) of Plaintiff's copyrighted works between April 23, 2013 and June 20, 2013. *See* Complaint Exhibit B. Indeed, Defendant has downloaded Plaintiff's movies consistently and habitually. By downloading each of these movies through the BitTorrent protocol, Defendant simultaneously distributes these movies to others, allowing other people to also steal Plaintiff's movies. *See* Complaint, at ¶ 11.

Plaintiff's investigator monitors a wide variety of BitTorrent traffic. Before preparing its Complaint, Plaintiff asked its investigator to search through its database for other infringing conduct that may help identify the infringer. Plaintiff's investigator returned a long list of BitTorrent activity by Defendant's IP address. *See* Complaint Exhibit "C." This activity demonstrates, amongst other things, that a person using Defendant's Internet is a habitual BitTorrent thief. *Id.* The information on Exhibit C also helps paint a picture of the alleged infringer. And, the timespan of infringing activity eliminates the possibility that the infringer is a short term guest, visitor, or other interloper. Indeed, at this point in time, Plaintiff has advanced its technology and strengthened its case so that it is highly likely that the infringer is either the subscriber, or someone residing in the subscriber's home who the subscriber will be able to readily identify.

---

[1] The only judges that have ever severely criticized Plaintiff's litigation did so *sua sponte* without giving Malibu Media the opportunity to explain its actions.

### III. PLAINTIFF'S *EX PARTE* MOTION FOR LEAVE WAS PROPER

Defendant erroneously devotes a substantial part of his Motion and Brief to the argument that Plaintiff has failed to comply with Michigan R. Prof. Conduct 3.3(d) which provides that "[i]n an ex parte proceeding, a lawyer shall inform the tribunal of all material facts that are known to the lawyer and that will enable the tribunal to make an informed decision, whether or not the facts are adverse[,]" because in Defendant's opinion, Plaintiff's Motion and Memorandum in Support was insufficient. However, this Court has already found based upon Plaintiff's Motion and supporting Brief that "Plaintiff established that 'good cause' exists for it to serve a third party subpoena on the Internet Service Provider listed on Exhibit A to the Motion (the "ISP")." *See* CM/ECF 8, ¶ 1. Indeed, Plaintiff's process is both necessary and proper since there is "no other method for a copyright holder to begin to protect its copyright when the BitTorrent protocol is the alleged method of infringement." *Malibu Media, LLC v. John Does 1-7*, 1:12-cv-01189-MMM-JAG [CM/ECF 13] (C.D. Ill. Feb. 11, 2013). That Plaintiff's *ex parte* request is proper is demonstrated by the fact that no court in the Sixth Circuit has ever denied one of Plaintiff's *ex parte* motions for leave to serve a third party subpoena prior to a Rule 26(f) conference. A partial list of cases in which a court within this Circuit has granted Plaintiff's *ex parte* motion or denied a motion to quash with respect to at least one defendant or both is attached as Exhibit A.

### IV. THIS COURT SHOULD NOT QUASH THE SUBPOENA

#### A. Legal Standard

Rule 45(c)(3) provides that a court must modify or quash a subpoena that fails to allow a reasonable time to comply; requires a non-party to travel more than 100 miles (except for trial within the state); requires disclosure of privileged materials; or, subjects a person to undue

5

burden. *See Fed. R. Civ. P. 45(c)(3)(A)(i-iv)*. The Rule also provides for circumstances in which a court may modify or quash a subpoena. These circumstances are when the subpoena requires disclosure of trade secrets; disclosure of certain expert opinions; or, requires a nonparty to incur substantial expense to travel more than 100 miles to attend a trial. *See Fed. R. Civ. P. 45(c)(3)(B)(i-iii)*. "No other grounds are listed." *Malibu Media, LLC v. John Does 5-8*, 2013 WL 1164867 at *2 (D. Colo. 2013) (denying motion to quash in similar BitTorrent copyright infringement action where defendant's motion failed to comply with Rule 45). *See also Arista Records, LLC v. Does 1-15*, 2007 WL 5254326 (S.D. Ohio 2007) (denying motion to quash that failed to satisfy Rule 45.)

### B. Defendant's Motion Fails to Provide a Valid Reason Under Rule 45 to Quash the Subpoena

Defendant has provided no reason under Rule 45 to quash Plaintiff's subpoena. Instead, Defendant's motion attacks the merits of Plaintiff's Complaint and denies liability for the alleged infringement. "[T]he fact that the ISP-identified subscriber is not necessarily the infringer is not grounds to quash a subpoena served on the ISP[.]" *Malibu Media LLC v. John Does 1-28*, 2012 WL 7748917, at *12 (E.D. Mich. 2012). "A general denial of liability . . . is not a basis for quashing the plaintiff's subpoenas and preventing the plaintiff from obtaining the putative defendants' identifying information." *Malibu Media LLC v. John Does 1-28*, 2012 WL 7748917, at *12 (E.D. Mich. 2012) quoting *Voltage Pictures, LLC v. Does 1–5,000,* 818 F.Supp.2d 28, 35 (D.D.C.2011). *See also Sojo Prods. Inc. v. Does 1-67*, 2013 WL 1759561, at *2 (E.D. Tenn. 2013) ("The putative Defendants may deny their liability once served with process in this case through appropriate pleadings, motions, or evidence at trial. A motion to quash is not the forum for addressing general denials of liability."). Arguments that go to the merits of Plaintiff's claims "do not address the propriety *vel non* of the subpoenas" and are therefore "irrelevant and

6

premature." *Malibu Media, LLC v. John Does 1-14*, 287 F.R.D. 513, 517 (N.D. Ind. 2012). *See also Third Degree Films, Inc. v. Does 1-2010*, 2011 WL 4759283 (N.D. Ind. 2011) (denying motion to quash); *W. Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 13 (D.D.C. 2011) (same).

### C. Plaintiff Must Obtain the Subpoena Response From Defendant's ISP to Protect its Copyrights

Without the identifying information of the internet subscriber who used Defendant's IP address to violate Plaintiff's copyrights, Plaintiff has no other way to begin to protect its copyrights against pervasive anonymous online infringement. *See e.g. Malibu Media, LLC v. John Does 1-6*, 2013 WL 2150679 at *5 (N.D. Ill. 2013) (denying motion to quash).

> The Court agrees with Malibu. If the Court were to quash the subpoena as the Putative Defendants urge, <u>it would be *impossible* for Malibu to protect its copyright against internet infringers</u>. Furthermore, the Putative Defendants do not contest Malibu's argument that "the *only* way to enforce one's copyrights against online infringement is to subpoena the identity of the subscriber whose internet [connection] was used to commit the infringement." Even if, as the Putative Defendants contend, someone else used their internet connections to copy and distribute Malibu's films, <u>the identity of IP address holders is relevant to Malibu's claims: it can provide a useful starting point for identifying the actual infringer</u>. Thus, the Court finds that <u>the relevance of the IP address holders' identity outweighs the burden of its subpoena</u>.

*Id.* (Citations omitted, emphasis added.)

Even if the subscriber is not the infringer, Rule 26 of the Federal Rules of Civil Procedure provides for broad discovery. Rule 26(b)(1) permits parties to obtain discovery of "the identity and location of persons who know of any discoverable matter." *Raw Films, Ltd. v. John Does 1-15*, 2012 WL 1019067, at *6 (E.D. Pa. 2012) (holding that although the subpoena may only identify the subscriber and may not reveal the infringer's identity, the subpoenas are a proper use of discovery.). *See also e.g. Malibu Media, LLC v. John Does 1-15*, 2012 WL 3089383 at *9 (E.D. Pa. 2012) (denying motion to quash subpoena in similar BitTorrent copyright infringement case holding that the relevancy standard was satisfied); *Malibu Media,*

7

*LLC v. John Does 1-6*, 2013 WL 2150679 at *5 (N.D. Ill. 2013) (same); *Malibu Media, LLC v. John Does No. 1-30*, 2012 WL 6203697 at *4 (D.N.J. 2012) (same). "Relevance is a broad concept at the discovery phase . . . The identity of the customers associated with the Alleged IP addresses is relevant under this standard . . . The subpoenas to the ISP, therefore, are a proper use of discovery." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 at *4 (C.D. Ill. 2012).

### D. The Court Should Ignore Defendant's Various Requests to Disregard the Federal Rules of Civil Procedure and Impose Undue Procedures and Requirements on Plaintiff

A significant part of Defendant's Motion is devoted to the suggestion that Plaintiff should be subjected to various procedures and requirements proposed by Defendant before Plaintiff is allowed to pursue its case. Defendant's requests are improper and not warranted by any existing legal authority. For example, Defendant requests permission to engage in early discovery so that Defendant can "get a good look behind the curtain . . . to see what Malibu is really doing . . . before the issue of identity is addressed." Defendant's Motion, p 10. Defendant's request to subject Plaintiff to early discovery is an improper attempt to circumvent the Federal Rules of Civil Procedure in order to engage in a fishing expedition intended to harass and annoy Plaintiff. Further, there is no need to engage in early discovery outside of the Federal Rules and normal discovery procedures when the information that Defendant seeks can likely be obtained through the normal course of litigation and at the appropriate time. Defendant also suggests that Plaintiff should be required to "come forward with evidence . . . on the subject of the identity of the accused infringer[.]" Defendant's Motion, pp. 13-14. In making this argument Defendant ignores that Plaintiff has already provided a sworn declaration attesting to the alleged infringement, that Plaintiff has, to this point, done everything within its power to identify the infringer, and that the purpose of Plaintiff's subpoena is to identify the infringer. *See* CM/ECF

3-4. Defendant also claims that Plaintiff should be required to produce information regarding "the impact of 'tube' si[t]es on the Internet porn industry generally" and also "the connection between the 2013 Internet porn industry . . . and the increasingly better-understood science of addiction and the human brain" prior to allowing Plaintiff to subpoena Defendant's ISP. Defendant's Motion, pp. 16-17. Clearly, allowing Defendant to harass Plaintiff with such irrelevant discovery violates the Federal Rules.

There is no basis for requiring Plaintiff to divulge any of the information Defendant seeks. This is especially true since most of the information sought far exceeds even the broad scope of discovery provided for under the Federal Rules. Even if the information was relevant, which it is not, requiring Plaintiff to comply with burdensome discovery prior to allowing Plaintiff to know the identity of the individual it is litigating against and providing said information to, is clearly improper. Respectfully, the Court should ignore Defendant's invitation to circumvent the Federal Rules of Civil Procedure so that Defendant can harass Plaintiff with erroneous burdensome discovery.

Further, Defendant's repeated references to attorney M. Keith Lipscomb from Florida on pages 7-9 and 15 are simply an attempt to introduce irrelevant information into this case in order to cast doubt on the veracity of Plaintiff's lawsuits and motivation for bringing suit. Undersigned counsel is the attorney in charge of this case and all cases filed by Plaintiff in this District. Mr. Lipscomb's only role in the lawsuits brought by Malibu Media is to coordinate and monitor Plaintiff's litigation. Undersigned, and only undersigned, is lead counsel on the cases that undersigned files. Mr. Lipscomb does not have the power to order undersigned to take any action on behalf of Malibu Media, LLC. Undersigned has a direct line of communication with Plaintiff's owners and Plaintiff is undersigned's only client in these matters. The references to

9

Mr. Lipscomb and unrelated e-mails from other cases have no bearing on any of the issues before this Court and are merely an attempt to distract and mislead the Court

### E.  There is No Alternative Means for Plaintiff to Identify Online Infringers

Denying a copyright owner the ability to use a Rule 45 Subpoena to identify on-line infringers would deny copyright owners the ability to ascertain the identities of the infringers who illegally download and distribute their works through the Internet.  Consequently, no suits could be filed to enforce the infringement that occurs on-line.  Any such holding would not only be contrary to the express Congressional intent, it would also be directly at odds with almost all existing decisional authority.

In short, without the ability to identify the infringers, copyright owners would have a right without a remedy. This would violate perhaps the most esteemed jurist in U.S. history, Chief Justice Marshall's, often cited rule that "the very essence of civil liberty certainly consists in the right of every individual to claim the protection of the laws, whenever he received an injury." *Marbury v. Madison*, 1 Cranch 137, 1803 WL 893, *17 (U.S. 1803).  Chief Justice Marshall continued "[t]he government of the United States has been emphatically termed a government of laws, and not of men.  It will certainly cease to deserve this high appellation, if the laws furnish no remedy for the violation of a vested legal right." *Id*.  The U.S. still deserves that high appellation because it still creates remedies when vested rights that have been infringed.  The case in front of the bar is no exception; our government has provided copyright owners with the ability to ascertain the identity of infringers through a Rule 45 subpoena.

### F.  The Only Two Circuit Courts to Address the Issue Have Approved the Use of Rule 45 Subpoenas to Identify Anonymous Online Infringers

Both the Eighth and Second Circuits, the only circuits to rule on this issue, have approved the use of Rule 45 subpoenas in on-line infringement cases to identify anonymous Doe

10

Defendants. The Eight Circuit held "organizations such as the RIAA can file a John Doe suit, along with a motion for third-party discovery of the identity of the otherwise anonymous 'John Doe' defendant." *In re Charter Communications, Inc., Subpoena Enforcement Matter*, 393 F.3d 771, FN3 (8th Cir. 2005). Similarly, in *Arista Records, LLC. v. Doe 3*, 604 F.3d 110 (2d Cir. 2010) the Second Circuit upheld the District Court's denial of a motion to quash after Arista obtained leave "to serve a subpoena on defendants' common ISP, the State University of New York at Albany." By so holding, the Second Circuit approved the process of issuing a Rule 45 subpoena to an ISP to identify anonymous Doe Defendants.

### G. Plaintiff Allows Defendants to Proceed Anonymously

Malibu Media, LLC's owners have instructed its counsel to never oppose a defendant's motion to proceed anonymously. This has been the case across the board for *every* individual suit that it has ever filed. Accordingly, Plaintiff does not object to allowing Defendant to remain anonymous through the end of discovery so long as Plaintiff is not prevented from conducting discovery in an orderly and efficient manner. This concession should be sufficient to allay Defendant's concern over any undue embarrassment. Indeed, "it is within the discretion of the district court to grant [the defendant] the 'rare dispensation' of anonymity against the world (*but not the plaintiff*)." *Sunlust Pictures, LLC v. Does 1-75*, 2012 WL 3717768 at *5 (N.D. Ill. 2012) (emphasis added) (*citing United States v. Microsoft Corp.,* 56 F.3d 1448, 1464 (D.C.Cir.1995)).

Although the potential for embarrassment may be sufficient to warrant the right to proceed anonymously in this case, it does not "outweigh the statutory right of [Plaintiff] to protect its property interest in its copyright." *Patrick Collins, Inc. v. John Does 1-9*, 2012 WL 4321718 at *5 (C.D. Ill. 2012). This Court has held similarly and allowed defendants in other BitTorrent copyright infringement cases to proceed anonymously without quashing the subpoena

11

in order to prevent any undue embarrassment. *Patrick Collins, Inc. v. John Does 1-28*, 2013 WL 359759 at *11 (E.D. Mich. 2013) ("A protective order permitting the defendants to proceed anonymously would moot Doe 25's reputational concern, for now . . . But again, the subpoena issued to Doe 25's service provider will not be quashed."). *See also Malibu Media, LLC v. Reynolds*, 2013 WL 870618, at *7 (N.D. Ill. 2013) ("It would be unfair to deprive owners of copyrights to pornographic material the same protections as owners of other copyrighted work."); *Malibu Media, LLC v. John Does 1-22*, 2013 WL 24526 at *4 (D. Colo. 2013) (denying motion to quash noting, "[e]qually outside [the scope of Rule 45] is a party's concern that being named as defendant in a federal lawsuit may injure his or her reputation . . . [the Court] is ultimately bound by Rule 45 and must only quash a subpoena on the bases cited therein.").

V.     CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the subject motion.

Dated: October 21, 2013

        Respectfully submitted,

        NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
Paul J. Nicoletti, Esq. (P44419)
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
E-Fax: (248) 928-7051
Email: paul@nicoletti-associates.com
*Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to MI R USDCTED LR 5.1(a) I hereby certify that the PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO QUASH THIRD-PARTY SUBPOENA has been prepared using one of the font and point selections approved by the Court in MI R USDCTED LR 5.1(a)(3).  This document was prepared using Times New Roman (12 pt.).

By:   /s/ *Paul J. Nicoletti*

## CERTIFICATE OF SERVICE

I hereby certify that on October 21, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*