# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| **MALIBU MEDIA, LLC,**<br><br>　　Plaintiff,<br><br>　　v.<br><br>**JOHN DOE**,<br><br>　　Defendant. | Civil Action No.<br>1:13-cv-00893-RJJ<br><br>Hon. Robert J. Jonker<br>United States District Judge |

PAUL J. NICOLETTI (P44419)
NICOLETTI & ASSOCIATES, PLLC
Attorneys for the Plaintiff
36880 Woodward Ave, Suite 100
Bloomfield Hills, MI 48304
Tel: (248) 203-7800
Fax: (248) 203-7801
Email:  paul@nicoletti-associates.com

ERIC C. GRIMM (P58990)
WILLIAMS | HUGHES, PLLC
Attorneys for Movants Comcast
Subscriber Alpha and Household
120 West Apple Avenue
P.O. Box 599
Muskegon, MI 49443-0599
231.728.1111
Fax: 231.727.2111
Email: ecgrimm@williamshugheslaw.com

**MOTION OF COMCAST SUBSCRIBER ALPHA, AND HOUSEHOLD, FOR LEAVE TO SUBMIT REPLY BRIEF, AND ==REQUEST FOR ORAL ARGUMENT== ON MOTION TO QUASH OR TO MODIFY SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

　　Movants, Comcast Subscriber Alpha ("Subscriber"), and the Subscriber's spouse (collectively, the "Household"), through counsel, ask for three things – first, for oral argument on the motion to quash and for protective order, previously filed; second, for leave to file a reply brief, of whatever length this honorable court may deem appropriate under the circumstances; and, third, for the court to rule on a related issue in another Malibu case, first.

**Motion for leave to file a Reply Brief**,
*in* Malibu Media, LLC v Doe,
C.A. No. 1:13-cv-00893-RJJ (W.D. Mi.).

**SUPPORTING BRIEF**

The moving parties respectfully request oral argument on the moving parties' motion to quash and for protective order. We believe that the Court will benefit from conducting a live hearing on the issues presented in this case.

On careful review of Malibu Media's opposition brief, especially pages 11-12, we note that "Malibu Media, LLC's owners have instructed its counsel to never oppose a defendant's motion to proceed anonymously. This has been the case across the board for *every* individual suit that it has ever filed. Accordingly, Plaintiff does not object to allowing Defendant to remain anonymous through the end of discovery . . . ." Likewise, there's no reason whatsoever for Malibu to refuse to agree to have the Subscriber proceed anonymously, through all phases of discovery, however long the process may last of determining (1) whether there is evidence to point the finger at the Subscriber, as the "Doe," and (2) if not, whether the Subscriber has any information to help identify anyone else.

Accordingly, the parties appear to be (perhaps without Malibu realizing it, yet) in substantial agreement about how to proceed. Since the Subscriber is represented by legal counsel, it is trivially easy for Malibu to secure information about the Subscriber's computer network, and other matters, without any disclosure of the Subscriber's identity.

Malibu contends that it is purportedly impossible to proceed without disclosure of the Subscriber's identity. That's nonsense on stilts. Malibu's efforts to initiate an asset search have absolutely no legitimate role in this case, at this time (perhaps ever), and the subscriber's identity is not necessary to Malibu for any other purpose than its desire to initiate the asset search. What the hearing in this case ought to be about is fashioning a

-2-

Motion for leave to file a Reply Brief,
*in* Malibu Media, LLC v Doe,
C.A. No. 1:13-cv-00893-RJJ (W.D. Mi.).

reasonable protective order to enable Malibu to get all the information otherwise obtainable from the Subscriber at this juncture, but one thing (the Subscriber's identity), without subjecting the Subscriber to the customary Malibu treatment. <u>See</u>, <u>e.g.</u>, Order, at 6 (June 27, 2012) (Doc. Ent. 7) (Exhibit 2) ("The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme . . . ."), *in* <u>Malibu Media v. Does 1-10</u>, Case No. 2:12-cv-3623-ODW(PJWx) (C.D. Cal. *filed* April 26, 2012, and *dismissed* Jan. 28, 2013).

We respectfully note that Local Rule 7.3(d) requires oral argument requests to be in writing. We apologize for omitting this request from the initial Motion to Quash and for Protective Order, but we respectfully suggest that the court will benefit from live argument, on the subject of how motions to quash, collectively, ought to be handled, in Malibu cases, generally, as well as fashioning an appropriate and reasonable protective order in this case.

Just turning over the power to Malibu, to shake down targets indiscriminately, is hardly a recipe for justice. <u>See</u>, <u>e.g.</u>, Exhibit 2.

Next, or alternately, the Subscriber and the Household respectfully move under Local Rule 7.3(c), for leave to submit a reply brief – of whatever length this honorable Court may direct -- in support of their motion to quash and for protective order. We have contacted opposing counsel, seeking their consent to this request (<u>i.e.</u>, leave to file a reply), and have not heard back.

Finally, this honorable Court has a motion for summary judgment pending in another Malibu case – <u>Malibu Media v. Roy</u>, No. 1:12-cv-00617, which also happens to be before Judge Jonker. That motion, like the instant case, focuses on the burden of proof that Malibu

faces – namely proving <u>with evidence</u>, its bare allegation that the alleged copyright infringer, and the cable subscriber, are one and the same person.

The motion in the <u>Roy</u> case focuses like a laser on Malibu's inability to raise a genuine issue of material fact, on the question of whether the subscriber and the accused infringer necessarily are identical (as Malibu deceptively has claimed in case after case).

Not to put too fine a point on it, but when Malibu files pleadings in court that contain allegations about "John Doe subscriber," even though Malibu knows in case after case that it lacks the evidentiary wherewithal to support that phrase and allegation, at the time that each lawsuit is filed, raises serious issues with respect to Rule 11(b)(3) (<u>i.e.</u>, by submitting a signed pleading, "an attorney . . . certifies that . . . (3) the factual contentions have evidentiary support . . . ."). Note, specifically, that Malibu's allegations that the "Doe" and the subscriber are one and the same, never are identified by Malibu in its pleadings, as Rule 11(b)(3) would require, as allegations that lack evidentiary support at the time of filing, but instead require discovery to support. Malibu could have done the right thing in each case, by specifically identifying these allegations as assertions that Malibu, on information and belief, contends "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." But Malibu conspicuously never has done so.

We respectfully suggest that this honorable Court hold the determination of the motion to quash and for protective order, in this case, in abeyance, until the <u>Roy</u> case has been resolved, so that the Court can have the opportunity to see for itself how well-supported Malibu's allegations are, in essentially every single-Doe case it files, at the time pleadings are filed. We think the outcome will be revealing.

**Motion for leave to file a Reply Brief**,
*in* <u>Malibu Media, LLC v Doe</u>,
C.A. No. 1:13-cv-00893-RJJ (W.D. Mi.).

As the Court probably knows, cases across the country discussing Malibu's business methods are far from uniform, and not nearly so favorable as Malibu would like to pretend. See Exhibit 1; see also, e.g., Malibu Media, LLC v. John Does 1-30, No. 12–13312, 2013 WL 5476063, at *5-*6 (E.D. Mich. Sept. 30, 2013) (Hood, J.) ("[J]udicial integrity is eroding because the judicial system is being used as an instrument of essentially an extortion scheme."); Order (Sep. 13, 2013) (Doc. Ent. 2) (Exhibit 3), in Malibu Media LLC v. John Doe, No. 3:13-cv-50287 (N.D. Il. *filed* Sep. 8, 2013); Order (May 28, 2013) (Doc. Ent. 7) (Exhibit 4), and Order (Sep. 10, 2013) (Doc. Ent. 33) (Exhibit 5) in Malibu Media v. John Doe, No. 3:13-cv-00205-wmc (W.D. Wi. *filed* Mar. 25, 2013).  Other examples abound, but we will not belabor the point.

We respectfully suggest that this is an appropriate juncture, to take a broader look at these Malibu cases in the aggregate, and to re-examine a few issues relating to Malibu and its pattern of *ex parte* subpoena filings, which torn out to be materially deceptive in a varoety of ways, with an eye toward making the entire process not only more fair and just, but also properly-supervised by judicial officers.

                                                Respectfully submitted,

Dated:    October 22, 2013           /s/ Eric C. Grimm
                                                ERIC C. GRIMM (P58990)
                                                WILLIAMS | HUGHES, PLLC
                                                Attorneys for Movants Comcast Subscriber Alpha and Household
                                                120 West Apple Avenue
                                                P.O. Box 599
                                                Muskegon, MI 49443-0599
                                                231.728.1111
                                                Fax: 231.727.2111
                                                Email:

-5-

**Motion for leave to file a Reply Brief**,
*in* Malibu Media, LLC v Doe,
C.A. No. 1:13-cv-00893-RJJ (W.D. Mi.).

ecgrimm@williamshugheslaw.com

**Motion for leave to file a Reply Brief**,
*in* <u>Malibu Media, LLC v Doe</u>,
C.A. No. 1:13-cv-00893-RJJ (W.D. Mi.).

## **CERTIFICATE OF SERVICE**

  I certify that the foregoing Motion foe Leave to File a Reply Brief, and for Oral Argument, was filed through the Court's ECF system on October 22, 2013, and that it is being automatically served on all counsel of record through the ECF system.

           Respectfully submitted,

            /s/ Eric C. Grimm
           ERIC C. GRIMM (P58990)
           WILLIAMS | HUGHES, PLLC
           Attorneys for Movants Comcast Subscriber Alpha and Spouse
           120 West Apple Avenue
           P.O. Box 599
           Muskegon, MI 49443-0599
           231.728.1111
           Fax: 231.727.2111
           Email: ecgrimm@williamshugheslaw.com