UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT MICHIGAN

| | |
|---|---|
| MALIBU MEDIA, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JOHN DOE subscriber assigned IP address )<br>68.61.138.235, )<br>)<br>Defendant. )<br>) | Civil Case No.: 1:13-cv-00893-RJJ |

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION OF COMCAST SUBSCRIBER ALPHA, AND HOUSEHOLD, FOR LEAVE TO SUBMIT REPLY BRIEF, AND REQUEST FOR ORAL ARGUMENT ON MOTION TO QUASH OR TO MODIFY SUBPOENA AND MOTION FOR PROTECTIVE ORDER**

Plaintiff respectfully requests this Court deny Defendant's Motion at CM/ECF 13. Defendant should not be granted leave to file a reply brief in support of his motion to quash and motion for protective order (CM/ECF 10). Defendant's Motion was largely based upon: three pages of quotes with no apparent source (pp. 3-5); an explanation of the "history" of BitTorrent lawsuits generally (p. 7-8); *ad hominem* attacks on Plaintiff (p. 9); erroneous comparisons and references to "drunk driving cases," and "the increasingly better-understood science of addiction and the human brain" (pp. 15-17 ); improper requests to ignore and circumvent the Federal Rules of Civil Procedure by subjecting Plaintiff to unilateral discovery prior to being allowed to proceed with its case (pp. 10, 14, 18-19); and rhetorical questions (p. 15). Noticeably absent from Defendant's Motion was any legal argument under the relevant Federal Rules of Civil Procedure, specifically Rules 26 and 45. Defendant should not now be afforded a second chance to cure his previously defective filing nor granted the opportunity to expound upon his baseless and extraneous prior arguments.

Additionally, Defendant's argument that he should be able to proceed anonymously, even as to Plaintiff, because "the subscriber's identity is not necessary to Malibu" is wrong. Defendant's Motion, p. 2. The identity of the subscriber alleged to have committed the infringement is necessary for Plaintiff to proceed. To explain, if the subpoena response identifies the subscriber as active duty military, an elderly individual, or a business that provides free wireless internet to its customers Plaintiff will generally drop the case. Without the subpoena response, however, Plaintiff is unable to investigate the relevant circumstances surrounding the infringement and is therefore unable to evaluate the propriety of advancing the litigation. Plaintiff should not be required to litigate against an unknown individual.

Finally, Plaintiff respectfully requests this Court deny Defendant's invitation to "hold the determination of the motion to quash and for protective order, in this case, in abeyance," until after a motion for summary judgment in a wholly unrelated case has been ruled on. Defendant's Motion, p. 4. The resolution of a motion for summary judgment in an unrelated case has no bearing on this case. This case must be decided on its own merits and is only concerned with adjudicating the legal rights of *these* parties – not Plaintiff's lawsuits as a whole. Defendant's request "to take a broader look at these Malibu cases in the aggregate," is improper and unwarranted. Defendant's Motion, CM/ECF 13, at p. 5. This is especially true in light of the risk of Defendant's ISP deleting the subpoenaed information in the meantime. Indeed, "ISPs may maintain [their] logs for only a short period of time." Plaintiff's Memorandum of Law In Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, (CM/ECF 3), at p. 3.

For the foregoing reasons, Plaintiff respectfully requests this Court deny the subject Motion.

Dated: October 28, 2013

        Respectfully submitted,

        NICOLETTI & ASSOCIATES, PLLC

By:   /s/ *Paul J. Nicoletti*
       Paul J. Nicoletti, Esq. (P44419)
       36880 Woodward Ave, Suite 100
       Bloomfield Hills, MI 48304
       Tel: (248) 203-7800
       Fax: (248) 203-7801
       E-Fax: (248) 928-7051
       Email: paul@nicoletti-associates.com
       *Attorneys for Plaintiff*

## CERTIFICATE OF COMPLIANCE

Pursuant to MI R USDCTED LR 5.1(a) I hereby certify that the PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR LEAVE TO FILE REPLY BRIEF has been prepared using one of the font and point selections approved by the Court in MI R USDCTED LR 5.1(a)(3). This document was prepared using Times New Roman (12 pt.).

By:   /s/ *Paul J. Nicoletti*

## CERTIFICATE OF SERVICE

I hereby certify that on October 28, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By:   /s/ *Paul J. Nicoletti*