UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MALIBU MEDIA, LLC,

    Plaintiff,

v.

JOHN DOE subscriber assigned IP address
68.61.138.235,

    Defendant.
_____/

CASE NO. 1:13-CV-893

HON. ROBERT J. JONKER

## ORDER

This matter is before the Court on Movant Comcast Subscriber Alpha's motion to quash or modify Plaintiff's third-party subpoena. (Docket #10.) For the reasons set forth below, the Court will deny the motion.[1,2]

Federal Rule of Civil Procedure 45 governs motions to quash or modify a subpoena. Rule 45 provides that a court must quash or modify a subpoena that fails to allow reasonable time to comply, requires a person who is neither a party nor a party's officer to travel more than 100 miles (except for in-state trial), requires disclosure of privileged matter, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3). It further provides that a court may quash or modify a subpoena if it requires disclosure of trade secrets, disclosure of certain expert opinions, or requires a nonparty to incur substantial expense to travel more than 100 miles to attend trial. Fed. R. Civ. P. 45(c)(3)(B)(i)–(iii).

---

[1] Movant has requested oral argument on the motion. The motion has been briefed and the Court concludes that oral argument is unnecessary. W.D.Mich. LCivR 7.2(d). The Court also denies Movant's motion for leave to file a reply (docket #13). The Court has reviewed the parties' briefs and relevant case law and finds a reply brief unnecessary.

[2] Movant proceeds anonymously as "Comcast Subscriber Alpha" and "Subscriber's Spouse." Although it is Plaintiff's policy to not oppose a defendant's motion to proceed anonymously, this Court has previously observed the complications of anonymous litigation and generally disfavors anonymous litigation. *See Jane Doe v. Active Mach. & Tool, Inc.*, no. 1:10-cv-95, docket #10 (W.D. Mich. Apr. 2, 2010).

Movant has not presented any grounds under Rule 45 for modifying or quashing the subpoena in this case. In fact, Movant did not reference the governing standard. As such, Movant has failed to sustain his or her burden. *Cf. Malibu Media, LLC v. John Does 5–8*, no. 12-cv-3170, 2013 WL 1164867, at *2–5 (D. Colo. Mar. 20, 2013) (denying defendant's motion to quash for failure to comply with Rule 45); *Arista Records, LLC v. Does 1–15*, no. 2:07-cv-450, 2007 WL 5254326, at *2–4 (S.D. Ohio May 17, 2007) (same).

Movant also argues that Plaintiff's ex parte motion for a subpoena (docket #2) was improper because it failed to comply with Michigan Rule of Professional Conduct 3.3(d). The Rule provides, "[i]n an ex parte proceeding, a lawyer shall inform the tribunal of all material facts that are known to the lawyer and that will enable the tribunal to make an informed decision, whether or not the facts are adverse." Mich. R. Prof'l Conduct 3.3(d).

The Court has reviewed Movant's list of factual allegations that Movant argues should have been included in Plaintiff's ex parte motion. The Court is unconvinced that omission of those statements violates Rule 3.3(d). The Court has previously scrutinized Plaintiff's subpoena request and determined that Plaintiff has established "good cause" for serving a subpoena on the internet service provider. (Order, docket #8, Page ID 69.) As other courts have recognized, with "good cause" shown, such a process is necessary for a copyright holder to protect its copyright when BitTorrent protocol is the alleged method of infringement. *See, e.g.*, *Malibu Media, LLC v. John Does 1–7*, no. 1:12-cv-1189, docket #13, at 3 (C.D. Ill. Feb. 11, 2013).

For these reasons, Movant's motion is denied. It is so ordered.

Dated: October 28, 2013                      /s/ Robert J. Jonker
                                                                                  ROBERT J. JONKER
                                                                        UNITED STATES DISTRICT JUDGE